1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10  DERRICK COURTNEY.

11            Petitioner,                    No. CIV S-07-1045 JAM GGH P

12      vs.                                  ORDER

13  ANTHONY HEDGEPETH, et al.,

14            Respondents.

15  _____/

16            Counsel for petitioner in the above captioned case has requested reconsideration

17  of the undersigned's determination to not pay for attorney's fees incurred in representing

18  petitioner in state court habeas corpus exhaustion proceedings.  While it might be much easier,

19  and perhaps fairer, simply to approve the expenditures, the undersigned is not authorized to

20  approve such expenditures.

21            The Criminal Justice Act (CJA) authorizes the court to pay for attorneys assigned

22  to represent indigents in habeas corpus actions.  18 U.S.C. § 3006A(a)(2)(B).  Subsection (c) of

23  that statute further authorizes expenditures in "ancillary matters appropriate to the proceedings

24  [for which representation is authorized]."  While grammatically speaking, state exhaustion

25  proceedings might be considered "ancillary" to federal habeas corpus proceedings, for purposes

26  of the CJA, they are not.

1

First, no one would logically contend that state habeas corpus proceedings initiated prior to the federal habeas action would qualify for federal representation.  The result should be no different when a petitioner is tasked with going back to state court to institute proceedings which in most cases should have been instituted prior to the filing of the federal petition.  The authority, both for capital and non-capital cases, nearly uniformly finds that state habeas exhaustion proceedings, or follow-up state proceedings of any kind, do not qualify for federal appointment of counsel.  King v. Moore, 312 F.3d 1365 (11th Cir. 2002); Sterling v. Scott, 57 F.3d 451 (5th Cir. 1995); In re Lindsey, 875 F.2d 1502-1505-1507 (11th Cir. 1989); Thompson v. Thomas, 2008 WL 2096882 * 5 and footnote 7 (D Haw. 2008); Glassel v. Schriro, 2007 WL 974107 (D. Ariz. 2007); Morris v. Malfi, 2007 WL 1931857 (N.D. Cal. 2007); Wainwright v. Norris, 836 F. Supp. 619, 623 (E.D. Ark. 1993); McKinney v. Paskett, 753 F. Supp. 861 (D. Idaho 1990).[1]

Moreover, the Administrative Office of U.S. Courts Guidelines do not suggest that representation in omnibus state proceedings are an ancillary matter.  The one example given for representation in a pending criminal matter where it may be necessary to attend a civil deposition indicates that the ancillary representation tasks are narrow indeed.

> The scope of representation in the ancillary matter should extend only to the part of the ancillary matter that relates to the principal criminal charge and to the correlative objective sought to be achieved in providing the representation (e.g., a CJA defendant in a criminal stock fraud case should be represented by CJA counsel at the defendant's deposition in a parallel civil fraud action for the limited purpose of advising him concerning his Fifth Amendment rights.)

Guidelines for the Administration of the Criminal Justice Act and Related Statutes, § 2.01 F(5).

---

[1]  One capital case which permitted federal funding for experts after exhaustion had been ordered for the purpose of state exhaustion proceedings is not to be applied here.  Gordon v. Vasquez, 859 F. Supp. 413 (E.D. Cal. 1994), petition for mandamus denied, Calderon v. District Court ( E.D. Cal), 107 F.3d 756 (9th Cir. 1997).  First, the case stands against the great weight of authority.  Secondly, the case was opining on the specific wording of the death penalty appointment statute, and not the CJA.  Finally, the Ninth Circuit found in dicta that since there were no proceedings pending before the district court, the federal case having properly been dismissed, reimbursement of investigative expenses might be proper if the investigation were to be used in the federal proceedings, and then again – might not.  Id. at 761-762.

1       Even if this court were writing on a blank slate, no representation for state habeas

2  exhaustion proceedings would be authorized as an "ancillary" proceeding.  A finding that

3  Congress meant to fund state exhaustion procedures can only be found by establishing that the

4  federal §2254 proceeding referenced in § 3006A includes the exhaustion process in the state court.

5  While § 3006A certainly permits the expenditures of certain funds in § 2254 proceedings, any mention of

6  state proceedings is notably silent.

7       Subject to the infrequent exceptions, there is no Constitutional provision which would

8  allow the Congress to directly or indirectly regulate the judicial system of the states in terms of

9  promulgating rules of criminal procedure and the like – such as the appointment of attorneys or

10  regulating certain expenses to be incurred in state court.

11     The establishing courts of justice, the appointment of Judges, and the making
        regulations for the administration of justice, within each State, according to its laws,
12    on all subjects not entrusted to the federal government, appear to me to be the
        peculiar and exclusive province, and duty of the State Legislatures.
13

14  <u>Calder v. Bull</u>, 3 U.S. 386, 3 Dall. 388 (1798)

15  <u>See</u> <u>also</u> v. <u>Raygor v.Regents of Univ. Of Minn.</u>, 534 U.S. 533, 543-544, 122 S.Ct. 999, 1006 (2002)

16  (Congress must speak in unmistakable terms if it is attempting to impact the traditional norms of no

17  interference with the state judiciaries); <u>Shamrock Oil & Gas Corp. v Sheets,</u> 313 U.S. 100, 108109,

18  61 S.Ct. 868, 872 (1941) ("The power reserved to the states under the Constitution to provide for the

19  determination of controversies in their courts, may be restricted only by the action of Congress in

20  conformity to the Judiciary Articles of the Constitution."); <u>Anderson v. Gladden,</u> 188 F. Supp. 666,

21  669, 670 (D.Or. 1960), <u>aff'd.</u> 293 F.2d 463 (9th Cir. 1961) (criminal context).

22       And, there is no doubt that funding state habeas proceedings would impact the state

23  judicial system.  It takes no lengthy recitation of authority to recognize that the writ of habeas corpus

24  is a rare exception to the exclusive sovereignty of the state over its criminal process, and that the federal

25  courts exercise great restraint in reviewing otherwise final state criminal convictions. <u>Rose v. Lundy,</u>

26  455 U.S.509, 515516, 102 S.Ct. 1198, 1202 (1982).  It is also quite apparent that the ability to fund is

1   the ability to control. Such federal control over evidence to be utilized at least initially in the context

2   of exhaustion of state remedies is the antithesis of comity.

3          Take, for example, the situation where the federal courts have decided to generally

4   pay for counsel fees, experts, and investigative services performed for state exhaustion.  Assume

5   that the federal court performs its duty to monitor the expenses requested and fees of counsel.  The

6   federal court could decide not to allow a particular expert witness to appear in state court because the

7   federal court thought the witness to be unqualified, duplicative or otherwise unnecessary.  The federal

8   court may feel that work performed in the state court was unnecessary, and refuse to fund past and

9   future expenditures in that regard thereby dissuading counsel from further work in the state courts.  On

10  the other hand, the federal courts might decide to fund a full fledged juror investigation when the state

11  courts would not allow such disruption of their jurors.  Of course, these type of federal decisions would

12  tread on the control over state proceeding by the state court.

13         Furthermore, whenever the federal court determined that investigation/discovery should

14  be permitted, the federal court would necessarily have to make a selection of the issues it thought

15  warranted development if it were to authorize funding for investigation/experts. Clearly, even in

16  federal court, a petitioner does not have an absolute right to have all discovery or funding requests

17  granted.  Bracy v. Gramley, 520 U.S. 899, 117 S.Ct. 1793 (1997).  Thus, if the federal court were

18  compelled to make a decision on what issues warrant development, or the extent of that development,

19  prior to exhaustion, that court would lay a heavy hand on the state proceedings.

20  Therefore, regardless of what the state court thought on the need for a certain witness or evidence in its

21  proceeding the federal court would be at least in partial control because of its power to control the

22  funding.  The picture becomes clear — the federal court would be hovering about the state court

23  system in an unprecedented way.  A federal court has no business directing the method, depth, or

24  scope of habeas review to be utilized by the state courts while the case is pending in those courts.

25  \\\\\

26  \\\\\

4

1  *Conclusion*

2          Petitioner's counsel might argue that his case did not involve extensive development

3  in the state courts.  However, a clear line is to be drawn, and no federal funds should be expended to

4  initiate or develop state court habeas claims at any stage of development.  The motion to reconsider

5  the denial of attorney's fees for time expended in state proceedings is denied.

6          A copy of this order will be attached to the voucher by the undersigned and sent to the

7  Federal Defender whose office is responsible for processing payment.

8  Dated: November 12, 2008

9                                              /s/ Gregory G. Hollows
                                               UNITED STATES MAGISTRATE JUDGE

10  cour1045.ord

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

5